UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

**Imran Niazi**

      Plaintiff,

  v.                                                Case No. 17-CV-183

**St. Jude Medical, Inc. and**
**Abbott Laboratories**

      Defendants,

## COMPLAINT

      Plaintiff Imran Niazi ("Niazi"), for his complaint against defendants St. Jude Medical, Inc. ("St. Jude") and Abbott Laboratories ("Abbott") (collectively "Defendants"), alleges as follows:

### Parties

      1.      Plaintiff Imran Niazi is an individual with his principal residence in River Hills, Wisconsin. Niazi is a board-certified electrophysiologist who treats patients with heart rhythm disorders. Niazi currently works for Aurora Health Care, practicing out of facilities in Milwaukee, Wisconsin and Lake Geneva, Wisconsin.

      2.      Defendant Abbott Laboratories is an Illinois corporation with its principal place of business at 100 Abbott Park Road, Abbott Park, Illinois 60064.

      3.      Defendant St. Jude Medical, Inc. is a corporation with its principal place of business at One St. Jude Medical Drive, St. Paul, Minnesota 55117.

      4.      Upon information and belief, St. Jude is a wholly owned subsidiary of Abbott.

**Nature of Action**

5. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*.

6. Niazi is the owner of all right, title and interest in U.S. Patent 6,638,268 ("the '268 Patent") entitled *Catheter to cannulate the coronary sinus,* issued on October 28, 2003, a copy of which is attached as Exhibit A.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Upon information and belief, Defendants regularly conduct business in this District and have sold and/or offered for sale products that infringe the '268 patent in this District. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

**COMPARISON OF EXEMPLARY CLAIM TO EXEMPLARY ACCUSED PRODUCT**

**Claim 1**

9. Claim 1 of the '268 patent is directed to a double catheter for cannulating the coronary sinus of a human heart.

10. Upon information and belief, Defendants manufacture, sell and/or offer to sell, or have done so in the past, a telescoping catheter system that it sells under the "CPS" mark ("the CPS catheter").

11. Claim 1 includes an outer, resilient catheter having shape memory and a hook shaped distal end configured for cannulation of the coronary sinus with at least one curved bend.

12. The CPS catheter includes an outer, resilient catheter, which St. Jude sells under its "CPS Direct" mark, having shape memory and a hook shaped distal end configured for cannulation of the coronary sinus with at least one curved bend, as shown below:



13. Claim 1 includes an inner, pliable catheter slidably disposed in the outer catheter and of greater length than the outer catheter so that a distal end portion of the inner catheter can be extended or retracted from a distal end opening of the outer catheter to vary the overall length of the double catheter.

14. The CPS catheter includes an inner, pliable catheter, which St. Jude sells under its "CPS Aim" trademark, that is slidably disposed in the outer catheter and of greater length than the outer catheter so that a distal end portion of the inner catheter can be extended or retracted from a distal end opening of the outer catheter to vary the overall length of the double catheter, as shown below:



15. Claim 1 further requires that the inner catheter have an internal lumen configured for the introduction of contrast media and a pacing lead into the coronary sinus.

16. The inner catheter of the CPS catheter includes a lumen configured for the introduction of contrast media and a pacing lead into the coronary sinus.

17. Claim 1 further requires a mechanism operable from the proximal end of the outer catheter for changing the curvature of the distal end of the outer catheter.

18. The CPS catheter includes a mechanism operable from the proximal end of the outer catheter for changing the curvature of the distal end of the outer catheter.

## COUNT I

### Claim for Infringement of the '268 Patent

19. Niazi realleges and incorporates by reference the allegations in paragraphs 1-18 as if fully set forth herein.

20. Defendants have manufactured, used, sold and offered to sell the CPS catheter ("the Infringing Product"), which infringes the '268 patent either literally or under the doctrine of equivalents.

21. Defendants have directly infringed and continue to infringe the '268 patent through the use, manufacture, sale, and offer for sale of the Infringing Product.

22. Upon information and belief, Defendants have induced and contributorily caused its customers to infringe the '268 patent.

23. Upon information and belief, Defendants were aware of the '268 patent prior to being put on notice by Niazi.

24. Upon information and belief, direct end users of the Infringing Product have infringed the '268 patent by using the Infringing Product.

25. Upon information and belief, Defendants have encouraged the end users to use the Infringing Product.

26. Upon information and belief, Defendants knew that the use the Infringing Product would infringe Niazi's '268 patent.

27. Upon information and belief, Defendants knew that the Infringing Product were made or adapted for a use that would infringe Niazi's '268 patent.

28. Upon information and belief, the Infringing Product is not a commonly available item with substantial non-infringing uses.

29. Upon information and belief, Defendants have been and are willfully infringing the '268 patent.

30. It is believed that Defendants will continue to manufacture, sell, and/or offer for sale the Infringing Product unless enjoined from doing so, causing Niazi irreparable harm.

31. Defendants' conduct shows a lack of the required duty to avoid infringement of the '268 patent such that this is an exceptional case; therefore, Niazi should be awarded his reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

32. Pursuant to 35 U.S.C. § 284, Niazi is entitled to enhanced damages for infringement of the '268 patent by St. Jude, up to treble damages.

33. Pursuant to 35 U.S.C. § 283, Niazi is entitled to a preliminary and permanent injunction against further infringement of the '268 patent by Defendants.

### Request for Relief

WHEREFORE, Plaintiff Imran Niazi demands that judgment be entered in his favor and against Defendants St. Jude Medical, Inc. and Abbott Laboratories as follows:

A. Adjudging that Defendants have willfully infringed U.S. Patent 6,638,268;

B. Preliminarily and permanently enjoining Defendants from infringing U.S. Patent 6,638,268;

C. Awarding Plaintiff his damages, together with prejudgment interest, caused by Defendants' infringement;

D. Granting such other and further relief as the Court may deem appropriate.

### Jury Demand

Plaintiff Imran Niazi hereby demands a jury trial of all issues of fact not admitted by the Defendants.

Dated:  March 10, 2017

s/Michael T. Griggs
Michael T. Griggs
Sarah M. Wong
Kyle M. Costello
BOYLE FREDRICKSON, S.C.
840 N. Plankinton Ave.
Milwaukee, WI  53203
Telephone:  414-225-9755
Facsimile:  414-225-9753
*Attorneys for Plaintiff Imran Niazi*