IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IMRAN NIAZI,

        Plaintiff,

  v.

ST. JUDE MEDICAL S.C., INC.,

        Defendant.

OPINION & ORDER

17-cv-183-jdp

---

IMRAN NIAZI,

        Plaintiff,

  v.

BOSTON SCIENTIFIC CORP.,

        Defendant.

OPINION & ORDER

17-cv-184-jdp

---

IMRAN NIAZI,

        Plaintiff,

  v.

BOSTON SCIENTIFIC CORP.,

        Defendant.

OPINION & ORDER

17-cv-185-jdp

---

IMRAN NIAZI,

        Plaintiff,

  v.

MEDTRONIC, INC.,

        Defendant.

OPINION & ORDER

17-cv-283-jdp

---

In each of these four cases, plaintiff Imran Niazi is suing the defendant for alleged

infringement of U.S. Patent No. 6,638,268, which discloses a type of heart catheter. Various motions are pending in each case, but all of the defendants have filed motions to dismiss for improper venue.

In light of *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017), *In re Cray Inc.*, 871 F.3d 1355 (Fed. Cir. 2017), and the evidence submitted by the parties, the court is persuaded that venue is not proper in this district as to any of the four cases because none of the defendants "reside[]" here or have a "regular and established place of business" here, as required by 28 U.S.C. § 1400(b). This conclusion makes it unnecessary to decide the other pending motions.

Under 28 U.S.C. § 1406(a), a court has discretion to dismiss a case for improper venue or transfer it to a district where the plaintiff could have filed it. Although this court generally favors transfer over dismissal, Niazi has complicated the analysis by transferring ownership of the '268 patent to a corporation after he filed these cases, leading most of the defendants to file new motions to dismiss on the ground that Niazi no longer has standing to sue. To avoid questions about jurisdiction after a transfer, the court will dismiss the cases so that Niazi and the assignee can refile after determining the proper parties. *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits. . . . Jurisdiction is vital only if the court proposes to issue a judgment on the merits.") (internal quotations and alterations omitted).

ANALYSIS

The dispositive question in each of these cases is whether venue is proper under 28 U.S.C. § 1400(b), which is the "sole and exclusive provision controlling venue in patent infringement actions." *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957). Under § 1400(b), venue is proper in a judicial district if the defendant: (1) "resides" in that district; or (2) "has committed acts of infringement" and has "a regular and established place of business" in that district.

After 1990, litigants rarely debated § 1400(b) because the Court of Appeals for the Federal Circuit held that a corporate patent defendant "resides" anywhere it is subject to personal jurisdiction, *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990), rendering the venue question redundant. But in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017), the Supreme Court overruled *VE Holding*, concluding that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." With a much narrower interpretation of the first half of § 1400(b) now established by the Supreme Court, it was inevitable that challenges to venue would become more frequent and require courts to consider anew whether the requirements of the second half of the provision are satisfied in a particular case.

In these cases, it is undisputed that none of the defendants are incorporated in Wisconsin, so none of them "reside" here. As to the second option for establishing proper venue, some of the defendants admit that they sell accused products in this district and some deny that they do, but all of the defendants deny that they have "a regular and established place of business" in the district, so the court will focus on that issue.

In its first decision interpreting § 1400(b) since *TC Heartland*, the Federal Circuit provided guidance on the question of how district courts should determine whether a defendant has a regular and established place of business in a particular district. *In re Cray Inc.*, 871 F.3d 1355 (Fed. Cir. 2017).[1] The court explained that Federal Circuit law rather than regional circuit law governs the interpretation of § 1400(b) because the provision is specific to patent cases. *Id.* at 1360. But the court cited as persuasive authority various decisions that predated the creation of the Federal Circuit, including several cases from the Seventh Circuit. *Grantham v. Challenge–Cook Bros., Inc.*, 420 F.2d 1182, 1185–86 (7th Cir. 1969); *Univ. of Ill. Found. v. Channel Master Corp.*, 382 F.2d 514, 516 (7th Cir. 1967); *Knapp–Monarch Co. v. Casco Prods. Corp.*, 342 F.2d 622, 625 (7th Cir. 1965); *Shelton v. Schwartz*, 131 F.2d 805, 808 (7th Cir. 1942). The court identified three requirements for satisfying § 1400(b): (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. If any statutory requirement is not satisfied, venue is improper under § 1400(b). *Cray*, 871 F.3d at 1360.

Before discussing the application of *Cray* to these cases, there is a threshold question that Niazi and some defendants dispute, which is whether the plaintiff or the defendant has the burden of proof to show that venue is proper or improper in this district. The court in *Cray* did not discuss the issue and the parties do not cite any other Federal Circuit authority addressing it. All the parties assume that Seventh Circuit law is controlling (presumably because proving proper venue is not an issue that is unique to patent law), but they disagree on what that law is. Defendants cite *Grantham*, 420 F.2d at 1184, in which the court stated

---

[1] The Federal Circuit issued this decision after the parties completed briefing the motions to dismiss, but no party asked to submit supplemental briefing.

that the "[p]laintiff has the burden of establishing proper venue." Niazi cites *Matter of Peachtree Lane Assocs., Ltd.*, 150 F.3d 788, 792 (7th Cir. 1998), in which the court stated that "the party challenging venue bears the burden of establishing by a preponderance of the evidence that the case was incorrectly venued."

As a number of district courts have recognized, the Seventh Circuit has not resolved the tension between these two cases or even acknowledged the tension. *E.g.*, *Timm v. Goodyear Tire & Rubber Co.*, 2014 WL 6909015, at *3 (N.D. Ind. Dec. 8, 2014); *Robinson Steel Co. v. Caterpillar Inc.*, 2011 WL 923415, at *5 (N.D. Ind. Mar. 14, 2011). Niazi asks this court to follow *Peachtree* because it is the more recent decision, but that is not how the doctrine of stare decisis works in the context of intermediate appellate decisions. Rather, the general rule is that "[o]ne panel of a circuit court cannot overrule another panel," at least in the absence of an intervening statute or Supreme Court decision. 18 James Wm. Moore, *Moore's Federal Practice* § 134.02[1][c] (3d ed. 2016). In this circuit, when one panel disagrees with a previous panel's decision, the proper procedure is to seek approval from the full court to overrule the earlier decision. 7th Cir. Rule 40(e). *See also Hively v. Ivy Tech Cmty. Coll., S. Bend,* 830 F.3d 698, 718 (7th Cir. 2016) (declining in context of panel decision to overturn previous panel decisions despite noting serious criticisms with earlier holdings). In *Peachtree*, the court did not seek full court approval to overturn *Grantham*; in fact, the court did not even acknowledge *Grantham*. Thus, *Peachtree* could not overrule *Grantham*.

Courts have a duty to attempt to reconcile seemingly inconsistent precedents when possible. *Fields v. Wharrie*, 740 F.3d 1107, 1119 (7th Cir. 2014) (Sykes. J., concurring in part and dissenting in part) ("[W]e should try to harmonize the two cases if we can."). The obvious way of doing that in this case is to look at the context of the holdings in *Grantham* and *Peachtree*.

5

In *Peachtree*, the court was applying the venue provision in 28 U.S.C. § 1408, which applies only in the bankruptcy context. In *Grantham*, the court was applying § 1400(b), the very provision at issue in these cases. Because *Grantham* is directly on point, the court will follow that case. *See also* 14D Charles Alan Wright, et al., *Federal Practice and Procedure* § 3826 (4th ed.) ("The weight of judicial authority appears to be that when the defendant has made a proper objection, the burden is on the plaintiff to establish that the chosen district is a proper venue. This may be considered the better view because it is consistent with the plaintiff's threshold obligation to show that the case belongs in the particular district court in which suit has been instituted.") (footnotes omitted).

Together, *TC Heartland*, *Cray*, and *Grantham* are dispositive of the venue question in all four of Niazi's cases. Each of the defendants has submitted affirmative evidence that it does not own or rent offices or any other facilities in this district. No. 17-cv-183, Dkt. 15; No. 17-cv-184, Dkt. 27; No. 17-cv-185, Dkt. 21; No. 17-cv-283, Dkt. 17. Niazi does not dispute this evidence. Instead, to support a finding that defendants have a regular and established place of business in this district, Niazi cites evidence that each of the defendants employs sales representatives who live or work in this district. Niazi also alleges that some of the defendants have registered with the Wisconsin Department of Financial Institutions. But these allegations show only that the defendants *do* business in this district, not that they have a *place* of business.

In *Cray*, the court rejected the view of the district court, which had held that "'a fixed physical location in the district is not a prerequisite to proper venue.'" 871 F.3d at 1362 (quoting *Raytheon Co. v. Cray, Inc.*, No. 2:15–cv–01554, 2017 WL 2813896, at *11 (E.D. Tex. June 29, 2017). Rather, "there must . . . be a physical, geographical location in the district from

6

which the business of the defendant is carried out. . . . The fact that [the defendant] allow[s] its employees to work from the . . . District . . . is insufficient." *Id.* at 362, 365.

The court went on to cite with approval a number of cases from the regional circuits, including the Seventh Circuit, in which the court concluded that a defendant did not establish a place of business in a district by employing local salespeople who worked out of their homes. *Am. Cyanamid Co. v. Nopco Chem. Co.*, 388 F.2d 818, 820 (4th Cir. 1968) ("The statute clearly requires that venue be laid where 'the defendant has a regular and established place of business,' not where the defendant's employee owns a home in which he carries on some of the work that he does for the defendant."); *Channel Master*, 382 F.2d at 515 (defendant did not have regular and established place of business in district when it employed salesperson there who used his home as base for his sales activities in promoting his employer's products). *See also Knapp-Monarch*, 342 F.2d at 625 ("[M]aintaining a sales representative in Chicago does not meet the statutory test"; rejecting view that "doing business" in district shows that defendant has place of business there). District courts that have applied § 1400(b) since *Cray* have similarly concluded that servicing customers in a particular district does not satisfy § 1400(b)—even if employees live in the district—if the defendant "does not hold out its employees' homes as the company's places of business." *Regents of the Univ. of Minnesota, v. Gilead Scis., Inc.*, No. 16-cv-2915, 2017 WL 4773150, at *6 (D. Minn. Oct. 20, 2017).

In light of the holding and reasoning in *Cray*, Niazi's reliance on *Raytheon* (the district court decision in *Cray*), is obviously misplaced. The court of appeals flatly rejected the four-factor test adopted by the district court. Whether a defendant "targets" sales in a particular district or gets financial benefit is relevant to a personal jurisdiction analysis, but does not demonstrate that the defendant has a place of business. Niazi also relies heavily on

7

*Brunswick Corp. v. Suzuki Motor Co.*, 575 F. Supp. 1412 (E.D. Wis. 1983), but that case is also inconsistent with *Cray* because, like the court in *Raytheon*, the court concluded that a "defendant's presence . . . need not be fixed in a physical location."

The court of appeals did not overrule another case Niazi cites, *In re Cordis Corp.*, 769 F.2d 733 (Fed. Cir. 1985), in which the court of appeals denied a petition for a writ of mandamus to require the district court to dismiss the case for improper venue under § 1400(b). The court of appeals stated that the "place" need not be a "fixed physical presence in the sense of a formal office or store," but even in *Cordis*, the defendant *had* a "fixed physical presence," just not "a formal office or a store." *Id.* at 737. Instead, the defendant: (1) used its employees' homes as distribution centers; (2) relied on a secretarial service that was located in the district and answered calls as "Cordis Corporation"; and (3) listed itself in the local telephone directory, using the telephone number of the secretarial service. *Id.* at 736–37.

None of these facts are present in any of Niazi's cases. Niazi also does not allege any of the other facts the court in *Cray* identified as potentially relevant in determining whether an employee's home qualifies as a defendant's "regular and established place of business." In particular, Niazi does not allege that the defendants own or lease any of its employees' homes; require any of their employees to live in this district, warehouse products in their homes, or post signage; conduct any advertising using the employees' home address; or otherwise "engage in business from that location." *Cray*, 871 F.3d at 1363–64. In light of the absence of any evidence or even allegations from Niazi that any of the defendants have a regular and established place of business in this district, the court concludes that Niazi has failed to show that venue is proper here.

The only remaining question is whether Niazi should be permitted to conduct discovery related to venue. None of the parties cite authority for the standard for determining when discovery is appropriate in this context, but in the context of personal jurisdiction, the Seventh Circuit has held that a plaintiff is not entitled to conduct discovery unless "at a minimum, [he] establish[es] a colorable or prima facie showing of personal jurisdiction." *GCIU Employer Retirement Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1026 (7th Cir. 2009) (internal quotations and alterations omitted).

The court sees no reason to apply a more lenient standard in these cases. After all, if a defendant has "a regular and established place of business" in a district, evidence of that generally should be easily accessible to anyone, even without discovery. If a plaintiff could demand discovery in any district in which he filed a lawsuit, without first making a prima facie showing, it would waste the parties' and the court's resources, encourage plaintiffs to engage in forum shopping, and force defendants to litigate in inconvenient forums without any justification. *Symbology Innovations, LLC v. Lego Sys., Inc.*, No. 2:17-cv-86, 2017 WL 4324841, at *12 (E.D. Va. Sept. 28, 2017) ("[A]llowing plaintiffs to file suit in far-flung districts and then demand discovery on the issue of venue would recreate the inconvenience that venue rules are intended to prevent."); *Optimal Interiors, LLC v. HON Co.*, No. 09–cv–1906, 2009 WL 3837409, at *5 (E.D. Pa. Nov. 13, 2009) (without some evidence, "discovery devoted exclusively to the issue of venue would be time-consuming, unnecessary, and may ultimately lead to judicial waste").

In these cases, Niazi has not identified any basis for believing that discovery will show that any of the defendants have a place of business in this district. Even if the court assumes as Niazi suggests that some of the sales people might keep some inventory at their homes, that

type of de minimis evidence would not be sufficient to show that a defendant engaged in business from the employees' homes. *Gilead Scis.*, 2017 WL 4773150, at *5 ("[W]hile some employees keep a limited quantity of Gilead literature in their homes, given the negligible quantity, this relatively limited practice does not sufficiently support a finding that these homes constitute Gilead's physical place in Minnesota.") (citations omitted). Accordingly, the court will grant the defendants' motions to dismiss these cases for improper venue.

ORDER

IT IS ORDERED that:

1. The motions to dismiss for improper venue filed by defendants St. Jude Medical, S.C., Dkt. 13 (in case no. 17-cv-183-jdp), Boston Scientific Corp., Dkt. 25 (in case no. 17-cv-184-jdp), Biotronik, Inc., Dkt. 18 (in case no. 17-cv-185-jdp), and Medtronic, Inc., Dkt. 17 (in case no. 17-cv-283-jdp), are GRANTED. These cases are DISMISSED without prejudice to Niazi refiling them in a district where venue is proper.

2. All other motions are DENIED as moot.

Entered November 7, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge